**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **BETH HARTLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO:**      3:20-cv-252 |
| | ) |
| **FUSION MEDICAL STAFFING, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1.      This is an action brought by Plaintiff, Beth Hartley ("Hartley"), by counsel, against Defendant, Fusion Medical Staffing, LLC, ("Defendant"), pursuant to the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et seq.

**II.  PARTIES**

2.      Hartley is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Vanderburgh County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3.      Defendant is a Foreign Limited Liability Company, which conducts operations within the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; and 42 U.S.C. § 12117.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.     At all times relevant to this action, Hartley was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.     Hartley is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Hartley's disability and/or Defendant regarded Hartley as being disabled.

8.     Hartley exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability – EEOC Charge No.: 470-2020-00769.  Hartley has filed her Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

9.     A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10.     Hartley is a Traveling Registered Nurse and has held the position for the last 12 years. Defendant is a medical staffing agency that placed Hartley in a position in Evansville, Indiana with St. Vincent/Ascension ("St. Vincent").

11.     At all times relevant, Hartley met or exceeded Defendant's legitimate performance expectations.

12.     Hartley is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8).  Defendant knew of Hartley's disability and/or regarded Hartley as being disabled and/or Hartley has a record of being disabled.

13.     In or about January 2019, Hartley was diagnosed with Hepatitis C. Hartley was receiving treatment for the condition, her condition was at a level to where she was not a risk to herself or others and she was cleared for work by her doctor

14.     Hartley was scheduled to work for 13 weeks with St. Vincent starting September 9, 2019, with the ability to extend the assignment up to 45 weeks. Hartley's agreement with the Defendant began August 21, 2019, but Hartley had to complete various checks with St. Vincent before beginning work.

15.     Importantly, Hartley was not an independent contractor – she was a W2 employee.  Hartley submitted to St. Vincent's background check, drug screen and other pre-employment requirements.

16.      Notably, St. Vincent's drug screen includes screening for "Tricyclic Antidepressants – TCA," which in and of itself appears to be a violation of the ADAAA.

17.      The Defendant and St. Vincent became aware of Hartley's acute disabling condition and attempted not to hire her. St. Vincent kept creating reasons not to hire her – for example, it claimed it needed her fingerprints even though Hartley holds an Indiana Nursing License and her fingerprints are on file. In all, it delayed her start date to September 30, 2019.

18.      Moreover, St. Vincent told the Defendant it could not hire Hartley due to her acute disabling condition, which is simply not true. In fact, Hartley has worked at several other health care facilities with her condition.

19.     Hartley had to keep pressing the Defendant to start with St. Vincent and the Defendant kept stating that St. Vincent was requesting additional hoops for Hartley to jump through.  Nonetheless, Hartley finally began her employment with St. Vincent on or about September 30, 2019.

20.     On or about November 4, 2019, St. Vincent terminated Hartley's employment. St. Vincent's proffered reasons for Hartley's termination are pretext for disability discrimination.

21.     Hartley explained to the Defendant's Nursing Recruiter, Jennifer Yeshnowski ("Yeshnowski'), how she did not deserve to be terminated and that St. Vincent wanted her gone due to her disabling condition. Yeshnowski and the Defendant allowed St. Vincent to discriminate against Hartley and she even told Hartley that no "clinician" was going to hire Hartley due to Hartley's disability status.

22.     Finally, the Defendant has refused to provide Hartley with any work assignments and has ceased communication with her. The Defendant discriminated against Hartley in violation of the ADAAA.

## V.  LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

23.     Hartley hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint.

24.     Defendant violated Hartley's rights by terminating her employment and refusing to provide further placement/assignments due to her disability.

25.     Defendant's actions were intentional, willful and in reckless disregard of Hartley's rights as protected by the ADAAA.

26.      Hartley has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Beth Hartley, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.      Enjoin Defendant from any further conduct that discriminated against anyone based on their disability;

2.      Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, begin assigning her positions or award her front pay in lieu thereof;

2.      Pay to Plaintiff all of her lost wages and benefits;

3.      Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4.      Pay to Plaintiff punitive damages;

5.      Pay to Plaintiff pre- and post-judgment interest;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker* _____
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Beth Hartley*

## DEMAND FOR JURY TRIAL

Plaintiff, Beth Hartley, by counsel, respectfully requests a jury trial for all issues deemed

triable by jury.


Respectfully submitted,

*s/Kyle F. Biesecker*_____
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Beth Hartley*